

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------------- x
                                                              )
HENRY WILLIAMS; MARY DAVIS; DEE DUNN;                         )
TOMIKA DURIO; EUGENE JONES; GAIL SCOTT-                       )
GILLESPIE; and HELEN WILLIAMS,                                )
                                                              )
                                                              )
                                    Plaintiffs,               )
                                                              )
                                                              )
                  v.                                          )      CIVIL ACTION
                                                              )
FOX MCKEITHEN, Secretary of State of Louisiana;               )      NO. 05-1180
KATHLEEN BABINEAUX BLANCO,                                    )
Governor of the State of Louisiana, DENNIS A.                 )      SECTION "A" (4)
DIMARCO, JON GEGENHEIMER, DAVID QUIDD,                        )
VINCENT J. BRUNO and MICHAEL M. DAVIS in their                )
official capacities as members of the JEFFERSON               )
PARISH BOARD OF ELECTION SUPERVISORS,                         )
                                                              )
                                    Defendants.               )
                                                              )
-------------------------------------------------------------X

## **CONSENT JUDGMENT**

The parties to this action having agreed to the entry of the following judgment resolving this litigation, and the Court having reviewed the parties' submission, and considered the history of this action, makes the following findings:

1

1. This action involves allegations by Plaintiffs that the current mechanism for electing judges to the Louisiana Fifth Circuit Court of Appeals, and more specifically the election of all six judges in the First District of that Court on an at-large basis, dilutes African-American voting strength.

2. Defendants have denied these allegations.

3. On July 6, 2007, the Governor of Louisiana signed 2007 La. Sess. Law Serv. Act 261 (S.B. 162) (WEST) (2007)("Act 261"), which the Senate passed on June 25, 2007 and which the House passed on June 26, 2007.

4. Act 261 reconfigures the election structure for the Fifth Circuit Court of Appeals by dividing the First District, composed of Jefferson Parish, "into two election sections," and provides in pertinent part that "[t]he first vacancy created by the death, resignation, retirement, or removal of a judge of the first district occurring after August 15, 2007 shall be filled by election from election section two of the first district and such judgeship shall be assigned to election section two of the first district for election purposes thereafter." (Act 261 also provides that in the event there is no such vacancy occurring after August 15, 2007 and the opening of the qualifying period for statewide elections in 2012, "the regular election to fill the judgeship designated as Division G of the first district shall be held in election section two of the first district and such division shall be assigned to election section two for election purposes thereafter.") A copy of Act 261 is attached hereto as Exhibit "A."

5. Parties represent to the Court that Act 261 provides a framework for resolving this litigation.

6. Act 261 provides that it "shall become effective upon the entering by the court of a written consent judgment expressing agreement of the parties and settlement of claims in the matter entitled *Henry Williams, et al v. Fox McKeithen, et al*, No. 05-1180, United States District Court for the Eastern District of Louisiana, in which such consent judgment the parties agree to the implementation of the provisions of this Act."

7. The parties to this matter therefore represent to the Court that they agree to the implementation of the provisions of Act 261.

8. Pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973(c), Defendants will, within 20 business days of the entry of this judgment, make a submission to the United States Department of Justice seeking preclearance of Act 261.

9. Plaintiffs have agreed not to make a claim for attorneys' fees or costs in this matter.

It is therefore **ORDERED, ADJUDGED and DECREED** as follows:

1. This action is hereby dismissed based upon the enactment of Act 261, subject to preclearance by the United States Department of Justice, and the parties' agreement to implementation of the statute.

2. Defendants will, within 20 business days of the entry of this judgment, make a submission to the United States Department of Justice seeking preclearance of Act 261, pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

Approved as to form:

_____
Attorney for Plaintiffs

_____
Attorney for Defendants

Dated: _October 31_, 2007

_____
United States District Judge